[No. 2616-1. Division One. July 21, 1975.]

CLIFFORD WADE et al, *Appellants*, v. SNOHOMISH COUNTY BONDED ESCROW et al, *Defendants*, SAFECO INSURANCE COMPANY OF AMERICA, *Respondent*.

ABC PACIFIC CORPORATION et al, *Appellants*, v. SNOHOMISH COUNTY BONDED ESCROW, INC., et al, *Defendants*, SAFECO INSURANCE COMPANY, *Respondent*.

*Kafer, Wilson & Good* and *Randall L. St. Mary*, for appellants.

*Anderson, Hunter, Dewell, Baker & Collins, J. P. Hunter,* and *G. Douglas Ferguson*, for respondent.

WILLIAMS, C.J.—The plaintiffs, Clifford and Margaret Wade, brought an action against Snohomish County Bonded Escrow, Louis R. Rutten, Safeco Insurance Company, and others, to recover $32,500 given to Bonded Escrow and not returned. The Wades were granted a summary judgment against Bonded Escrow and Rutten. The court refused to grant direct relief from Safeco, but did retain jurisdiction to decide the question of Safeco's responsibility in a garnishment proceeding. When the writ of garnishment was issued, Safeco answered, denying that it was indebted to Bonded Escrow. The Wades controverted this answer, and upon the issues so joined, the cause was set for trial, which resulted in a judgment dismissing Safeco with prejudice. The Wades appeal.

The facts are clear. Bonded Escrow was a corporation engaged in the escrow business in Everett. It was duly licensed pursuant to the Escrow Agent Registration Act, RCW 18.44, and was managed by Rutten. On several occasions, the Wades gave money to Bonded Escrow. These transfers were accompanied by "Escrow Instructions," an example of which is escrow No. 11-30-F-1, dated October 18, 1971, which reads in material part as follows:

> We hand you $5,000.00 which you are authorized to pay to the order of Louis R. Rutten or assigns or legal representatives, when you have for the account of Clifford Wade & Margaret Wade the following:
> FIVE THOUSAND and No/100 .............. ($5,000.00) for contract equities or notes payable. Together with the sum of $500.00 as interest, total sum $5,500.00 covering following property in Snohomish County, Washington, to wit:

> Legal description to follow when applicable.
>
> . . .
>
> You are authorized to disburse the above sum to Louis R. Rutten or for my account for the purchase of contract equities or notes payable which will mature on or about Nov. 30, 1971. After said date you may disburse to Mr. Rutten $5,000.00 of said sum unless demand is made to return all or a portion of said sum to the undersigned.

The Wades gave Bonded Escrow a total of $32,500, receiving back $17,650, which they treated as investment income. The return on the example given was $500 for a loan of $5,000 for about 60 days.

Sometime early in 1972, Rutten reported to all interested parties that he had been embezzling funds from Bonded Escrow. During the period of Rutten's defalcations, a bond issued by Safeco which protected Bonded Escrow from dishonesty of its employees was in effect. The Wades seek to satisfy the judgment against Bonded Escrow from the proceeds of this bond. The trial court held that the financial dealings which the Wades had with Bonded Escrow were not escrow transactions, and consequently the coverage afforded by the bond did not apply. We agree.

The bond in question is required by the Escrow Agent Registration Act, which is concerned exclusively with escrow transactions. "Escrow" is defined in RCW 18.44.010 (3) as meaning

> any transaction wherein any person or persons, for the purpose of effecting and closing the sale, purchase, exchange, transfer, encumbrance, or lease of real or personal property to another person or persons, delivers any written instrument, money, evidence of title to real or personal property, or other thing of value to a third person to be held by such third person until the happening of a specified event or the performance of a prescribed condition or conditions, when it is then to be delivered by such third person, in compliance with instructions under which he is to act, to a grantee, grantor, promisee, promisor, obligee, obligor, lessee, lessor, bailee, bailor, or any agent or employee thereof.

The Wades' transactions with Bonded Escrow are not within this definition. Rather, the money was paid to the order of "Louis R. Rutten or assigns" for investment purposes, which were not within the obligations undertaken by Safeco. *Dexter Horton Nat'l Bank v. United States Fidelity & Guar. Co.*, 149 Wash. 343, 270 P. 799 (1928).

 Some suggestion is made by the Wades that the question of coverage was resolved in the partial summary judgment which awarded them $32,500 against Bonded Escrow and Rutten, so that the doctrines of res judicata and collateral estoppel apply. The determination made in the Wades' action against Bonded Escrow and Rutten would bind Safeco if "the facts or issues claimed to be conclusive on the parties in the second action were actually and necessarily litigated and determined in the prior action." *Henderson v. Bardahl Int'l Corp.*, 72 Wn.2d 109, 118, 431 P.2d 961 (1967). To be a conclusive adjudication in the prior litigation, there must be concurrence of identity in four respects:

(1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made.

*Northern Pac. Ry. v. Snohomish County*, 101 Wash. 686, 688, 172 P. 878 (1918).

The claim in the principal action against Bonded Escrow and Rutten was

[t]hat on or about the 1st day of March, 1972, plaintiffs learned that defendant Rutten for himself and as agent for defendant Bonded Escrow fraudulently misused or misapplied said funds in violation of specific escrow instructions all to plaintiffs' damages in the sum of $32,500.00, together with interest at the statutory rate until paid.

This complaint did not raise the question of the purpose for which the money was paid. Nor did it present the issue of whether the obligations created by the insurance contract as read in the light of the Escrow Agent Registration Act applied to the transactions. *Henderson v. Bardahl Int'l*

954

*Corp., supra.* The trial court correctly decided that the proper time to litigate the coverage question was in the garnishment proceeding, which was done.

The remaining assignments of error, including the one made by ABC Pacific Corporation, are considered to be without substance.

Affirmed.

SWANSON and CALLOW, JJ., concur.